# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARMANDO ORTIZ, | ) | 1:03-cv-06303-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER VACATING REPORT AND RECOMMENDATION (Doc. 37) |
| | ) | |
| v. | ) | ORDER DENYING PETITIONER'S MOTION TO VOLUNTARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 36) |
| A.A. LAMARQUE, | ) | |
| | ) | ORDER VACATING ORDER DENYING MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS (Doc. 34) |
| Respondent. | ) | |
| | ) | ORDER CONSOLIDATING CASE NO. 1:05-cv-00213-OWW-DLB  WITH CASE NO. 1:03-cv-06303-AWI-TAG |

ORDER GRANTING PETITIONER'S MOTION TO AMEND PETITION (Doc. 30) AND DEEMING PETITION IN CASE NO. 1:05-cv-00213-OWW-DLB AS THE AMENDED PETITION IN CASE NO. 1:03-cv-06303-AWI-TAG

ORDER DIRECTING CLERK OF COURT TO RE-DESIGNATE PETITION IN CASE NO. 1:05-cv-00213-OWW-DLB AS THE AMENDED PETITION IN CASE NO. 1:03-cv-6303-AWI-TAG

ORDER REQUIRING RESPONDENT TO FILE RESPONSE

ORDER SETTING BRIEFING SCHEDULE

ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS

1

Petitioner Armando Ortiz is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

On September 17, 2003, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Sacramento Division. By order of the Court dated September 23, 2003, the action was transferred to the Fresno Division. On October 27, 2003, after conducting a preliminary review of the petition, the Court found the petition to be deficient and directed Petitioner to file an amended petition. (Doc. 7). Pursuant to this order, Petitioner filed an amended petition on December 1, 2003. (Doc. 10). The amended petition raises the following seven grounds for relief: (1) violation of the right to confrontation guaranteed by the Sixth and Fourteenth Amendments; (2) admission of hearsay; (3) insufficient evidence for conviction; (4) violation of due process by the wrongful use of jury instruction CALJIC 2.15; (5) violation of due process and equal protection due to improper jury instruction of CALJIC 2.17.5[1]; (6) violation of due process because the trial court failed to define the meaning of "possession;" and (7) inadequate jury instruction after the seating of a new juror.

Respondent was ordered to respond to the amended petition on December 9, 2003. (Doc. 13). On February 3, 2004, prior to Respondent filing a response, Petitioner filed a motion indicating that he filed a writ of habeas corpus petition with the California Supreme Court on November 10, 2003, which raises the same grounds currently before this court, and requesting that this Court stay the petition so he could fully exhaust his state remedies. (Doc. 15). The court denied Petitioner's motion on February 18, 2003. (Doc. 16). On February 26, 2004, Respondent filed a motion to dismiss on the grounds that the petition contained unexhausted and exhausted claims, specifically, that grounds five and six–respectively, alleging the trial court improperly instructed the jury pursuant to CALJIC 2.17.5, and that the trial court failed to

---

[1] Later identified by Petitioner as 2.71.5. Petitioner filed a motion to amend the reference to CALJIC on March 3, 2004. (Doc. 18). That motion was subsequently denied as moot when Petitioner dismissed the claim. (Doc. 29).

1  instruct as to "possession"–had not been presented to the California Supreme Court.  (Doc 17).

2      On March 8, 2004, Petitioner filed a request to hold the federal proceedings in abeyance
3  pending exhaustion.  (Doc. 20).  On March 8, 2004, Petitioner also filed a motion to amend his
4  petition, seeking leave to delete grounds five and six.  (Doc. 21).   On August 27, 2004, the Court
5  granted Petitioner's motion to amend his petition by withdrawing the two unexhausted claims.
6  (Doc. 29).

7      On September 17, 2004, Petitioner filed another motion to amend, now seeking to add
8  back the two previously withdrawn claims on the grounds that they were now exhausted in the
9  state courts.  (Doc. 30).  On January 14, 2005, the Court denied Petitioner's motion to amend the
10 petition by adding the two claims.  (Doc. 34).  On February 3, 2005, Petitioner filed his Motion
11 to Voluntarily Dismiss the pending Petition in order to re-file the Petition with the newly
12 exhausted claims.  (Doc. 36).

13     On February 14, 2005, the Magistrate Judge assigned to the case filed a Report and
14 Recommendation recommending that Petitioner's Motion to Voluntarily Dismiss the petition for
15 writ of habeas corpus be granted and the action be dismissed.  (Doc. 37).  On February 16, 2005,
16 Petitioner filed a new petition in Case No. 1:05-cv-00213-OWW-DLB, raising the same seven
17 claims he originally raised in this case, plus two additional claims.  On February 23, 2005, in
18 Case No. 1:05-cv-00254-AWI-LJO, Petitioner filed yet another petition identical in all respects
19 to the petition in Case No. 1:05-cv-o0213-OWW-DLB.

20                           **DISCUSSION**

21     Until recently, federal case law required that the Court dismiss "mixed" petitions
22 containing both exhausted and unexhausted claims.  <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).

23     On March 30, 2005, after the issuance of the Magistrate Judge's Report and
24 Recommendation but before adoption by the United States District Judge, the United States
25 Supreme Court decided <u>Rhines v. Weber</u>, 125 S.Ct. 1528 (2005).   In <u>Rhines v. Weber</u>,
26 recognizing that "[a]s a result of the interplay between the AEDPA's 1-year statute of

27
28

1  limitations[2] and Lundy's dismissal requirement, petitioners who come to federal court with
2  'mixed' petitions run the risk of forever losing their opportunity for any federal review of their
3  unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey"
4  orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims
5  before proceeding with their federal petitions.  Rhines, 125 S.Ct. at 1533-1534.  In so holding,
6  the Supreme Court noted that, while the procedure should be "available only in limited
7  circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to
8  dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his
9  unexhausted claims are potentially meritorious, and there is no indication that the petitioner
10 engaged in intentionally dilatory litigation tactics."  Rhines, 125 S.Ct. at 1535.  When a petitioner
11 has met these requirements, his interest in obtaining federal review of his claims outweighs the
12 competing interests in finality and speedy resolution of federal petitions.  Id.

13     Although this case does not presently present the issue of whether a "stay and abey" order
14 is appropriate, it does raise the issue of the propriety, in light of Rhines, of facilitating the
15 dismissal of the instant Petition.  The Supreme Court has made clear that, when presented with a
16 mixed petition, the Court must consider whether dismissal "would unreasonably impair the
17 petitioner's right to obtain federal relief" in light of AEDPA's one-year statute of limitations.  Id.
18 In this case, the Court finds that proceeding with the Report and Recommendation of February
19 14, 2005, and thereby dismissing the Amended Petition, may well result in just such an
20 impairment of Petitioner's rights.

21     With the principles articulated in Rhines in mind, therefore, the Court has reconsidered
22 Petitioner's request to amend his Petition to include the two newly-exhausted claims (i.e.,
23 grounds five and six in the original Petition).  Mindful of the possibility that Petitioner may face
24 statute of limitations problems should the instant Petition be dismissed in lieu of the Petitions
25 filed in Case Nos. 1:05-cv-00213-OWW-DLB and 1:05-cv-00254-AWI-LJO, the Court will

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

vacate the Report and Recommendation dated February 14, 2005, (Doc. 37) granting Petitioner's Motion to Voluntarily Dismiss. The Court also vacates its Order of January 14, 2005, denying Petitioner's Motion to Amend the Petition to include the two newly-exhausted claims. (Doc. 34). At this time, the Court will deny without prejudice Petitioner's Motion to Voluntarily Dismiss the instant Petition in order to effectuate the filing of an amended petition containing the newly-exhausted claims. (Doc. 36).

Recognizing that Petitioner may well have filed the new petitions because he believed that the Report and Recommendation of February 14, 2005, had terminated the instant case, and because the Court had previously indicated to Petitioner that the only way he could add new claims was by dismissing the instant Petition, the Court orders Case No. 1:05-cv-00213-OWW-DLB consolidated with this case for purposes of judicial economy. Having vacated its earlier denial of Petitioner's September 17, 2004, Motion to Amend the Petition, the Court now grants said motion and deems the Petition filed in Case No. 1:05-cv-00213-OWW-DLB, now consolidated with this case, to be the amended petition filed pursuant to the Court's granting of the Motion to Amend.

As a result of the Court's orders today, Petitioner now has on file in this case, as an amended petition, the original petition filed in former Case No. 1:05-cv-00213. Any future proceedings on that amended petition will take place in the context of the instant case and will bear this case number.

Additionally, the Court has conducted a preliminary review of the amended petition, and, pursuant to Rule 4 of the Rules Governing § 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[3] the Court now orders Respondent to file a response.

///

---

[3] The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the practice in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the practice of civil actions." Fed.R.Civ.P. 81(a)(2). Rule 11 also provides "the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules." Rule 11, Rules Governing § 2254 Cases.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Case No. 1:05-cv-00213-OWW_DLB is HEREBY CONSOLIDATED with Case No. 1:03-cv-06303-AWI-TAG, for purposes of judicial economy;

2. The Report and Recommendation filed February 14, 2005, (Doc. 37) is VACATED;

3. Petitioner's Motion to Voluntarily Dismiss the petition for writ of habeas corpus, filed February 3, 2005, (Doc. 36) is DENIED;

4. The Order of the Court dated January 14, 2005, denying Petitioner's Motion to Amend the Petition is VACATED (Doc. 34);

5. The Petitioner's Motion to Amend filed September 17, 2004, (Doc. 30) is GRANTED, and the Petition filed in Case No. 1:05-cv-00213-OWW-DLB is deemed to be the Amended Petition filed pursuant to this Order Granting Motion to Amend; and,

6. Respondent SHALL FILE AN ANSWER addressing the merits of the Petition. The ANSWER is due within **FORTY-FIVE (45)** days of the *date of service* of this order. Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing an Answer.).

   I. Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. Rule 5 of the Rules Governing Section 2254 Cases.

   ii. Any argument by Respondent that Petitioner has *procedurally defaulted* a claim(s) SHALL BE MADE in an ANSWER that also addresses the merits of the claims asserted. This is to enable the Court to determine whether Petitioner meets an exception to

6

procedural default. See, Paradis v. Arave, 130 F.3d 385, 396 (9th Cir. 1997) (Procedurally defaulted claims may be reviewed on the merits to serve the ends of justice); Jones v. Delo, 56 F.3d 878 (8th Cir. 1995) (the answer to the question that it is more likely than not that no reasonable juror fairly considering all the evidence, including the new evidence, would have found Petitioner guilty beyond a reasonable doubt necessarily requires a review of the merits).

      iii.    Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from the date Respondent's Answer is filed with the Court.

7.    The Clerk of the Court is DIRECTED to SERVE a copy of this Order along with a copy of the AMENDED PETITION, formerly the Petition in Case No. 1:05-cv-00213-OWW-DLB, which is hereinafter the operable Petition in this case, along with any exhibits/attachments, on the Attorney General or his representative.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 78-230(h). All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

**Dated:   April 25, 2005**           **/s/ Theresa A. Goldner**
j6eb3d                            UNITED STATES MAGISTRATE JUDGE