# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARMANDO ORTIZ, | ) | 1:03-cv-06303-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING (Doc. 40) |
| v. | ) | |
| A.A. LAMARQUE, | ) | |
| Respondent. | ) | |

Petitioner Armando Ortiz is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

On September 17, 2003, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Sacramento Division (Doc. 1), which, by order of the Court dated September 23, 2003, was transferred to the Fresno Division. (Doc. 4). After the Court apprised Petitioner that some of his claims appeared to be unexhausted, Petitioner eventually filed a second petition, which the Court construed as an amended petition. (Doc. 38). Respondent was ordered to respond within forty-five days to the amended petition on April 25, 2005 (Doc. 38); as of this date, Respondent has failed to file any response to the Court's order. On July 20, 2005, Petitioner filed the instant request for an evidentiary hearing in this case. (Doc. 40).

**DISCUSSION**

Rule 8(a) provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required. The purpose of an evidentiary hearing is to resolve the merits of a factual dispute. An evidentiary hearing on a claim is required where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the state court trier of fact has not reliably found the relevant facts. See, Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992). As the function of an evidentiary hearing is to try issues of fact, Townsend v. Sain 372 U.S. 293, 309 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary when only issues of law are raised. Id.

Petitioner's motion in support of the evidentiary hearing essentially re-asserts the claims raised in his amended petition. (Doc. 40). Beyond repeating these legal arguments, Petitioner offers no substantive basis for conducting an evidentiary hearing at this time. Thus, on its face, the motion fails to meet the legal threshold for an evidentiary hearing.

Moreover, the Court has not yet conducting a thorough review of the merits of Petitioner's claims. Until the Court conducts such a review, it cannot determine whether a factual dispute necessitating an evidentiary hearing exists. Following its review of the Petition's merits, the Court will sua sponte issue an order for an evidentiary hearing should it find one necessary.

Accordingly, the motion for an evidentiary hearing is DENIED.

IT IS SO ORDERED.

**Dated:   July 25, 2005**            /s/ Theresa A. Goldner
j6eb3d                                 UNITED STATES MAGISTRATE JUDGE