# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ORTIZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>A.A. LAMARQUE,<br><br>　　　　　Respondent. | 1:03-cv-06303-AWI-TAG HC consolidated with<br>1:05-cv-00213-OWW-DLB<br><br>ORDER GRANTING RESPONDENT'S<br>MOTION FOR RELIEF FROM DEFAULT<br>(Doc. 42) |

　　Petitioner Armando Ortiz is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　On September 17, 2003, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Sacramento Division (Doc. 1), which, by order of the Court dated September 23, 2003, was transferred to the Fresno Division. (Doc. 4). After the Court apprised Petitioner that some of his claims appeared to be unexhausted, and facing dismissal of his petition if he did not withdraw his unexhausted claims, Petitioner filed a second petition in Case No. 1:05-cv-00213-OWW-DLB, containing claims raised in the original petition as well as newly-exhausted claims.

The Court considered Petitioner's actions in light of the recently decided U.S. Supreme Court's decision in <u>Rhines v. Weber</u>, 125 S.Ct. 1528 (2005).  Accordingly, in an order on April 25, 2005, the Court construed the petition in Case No. 1:05-cv-00213-OWW-DLB, which included newly-exhausted claims, as an amended petition. (Doc. 38).  In that order, the Court also consolidated Case No. 1:05-cv-00213-OWW-DLB, with No. 1:03-cv-06303-AWI-TAG, and construed the petition filed in the former case to be the operative petition for both cases. (Doc. 38).  Respondent was ordered to file an answer within forty-five days of the date of service of that order, or by June 9, 2005. (Doc. 38).  On August 11, 2005, without yet having responded to the Court's April 25, 2005 order, Respondent filed the instant motion to set aside default, alleging inadvertence and confusion in failing to timely file the answer. (Doc. 42).

Because of the potential confusion that might have arisen from the lengthy order of April 25, 2005, because of the procedural complexity of this consolidated case, and because the Court's order gave Respondent only forty-five days to file an answer rather than the more common ninety days, the Court finds that GOOD CAUSE exists for granting Respondent's motion.  The Court perceives no prejudice to Petitioner in granting said motion.

Accordingly, it is HEREBY ORDERED that Respondent's motion for relief from default (Doc. 42), is GRANTED.  Respondent must file an answer to the amended petition within ten (10) court days from the date of service of this order.

IT IS SO ORDERED.

**Dated:   August 13, 2005**                    /s/ Theresa A. Goldner
j6eb3d                                    UNITED STATES MAGISTRATE JUDGE