UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ORTIZ,<br><br>    Petitioner,<br><br>  v.<br><br>A. A. LAMARQUE, Warden,<br><br>    Respondent. | 1:03-cv-06303-AWI-TAG-HC<br>(Lead case) &<br>1:05-cv-00213-OWW-DLB-HC<br>(Member case)<br><br>ORDER DENYING MOTION FOR COURT TO SERVE COPIES ON LEGAL ASSISTANT (Doc. 46)<br><br>ORDER DENYING PETITIONER'S MOTION TO FILE AN ENLARGED TRAVERSE (Doc. 51)<br><br>ORDER DENYING PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO FILE TRAVERSE (Doc. 52) |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254.

On August 17, 2005, Petitioner filed a motion for the Court to serve copies of the orders issued in this case on Petitioner's legal assistant. (Doc. 46). On August 18, 2005, Respondent filed his answer. (Doc. 48). On September 6, 2005, Petitioner filed a motion to file a traverse in excess of 20 pages. (Doc. 51). On September 6, 2005, Petitioner filed a motion for a 90-day extension of time to file his traverse. (Doc. 52). Two days later, on September 8, 2005, Petitioner filed a traverse consisting of 14 pages. (Doc. 53).

**DISCUSSION**

A. <u>Motion To Serve Legal Assistant</u>.

Pursuant to Local Rules, the Clerk is directed to serve copies of the Court's written orders on all counsel who have appeared in the action. See L.R.5-137(f). Because Petitioner has appeared as his own counsel in this action, Petitioner is entitled to service by the Clerk. However, Petitioner's

legal assistant has not appeared as counsel in this action and therefore is not entitled to service under the applicable local rule. Accordingly, the motion is denied.

B. <u>Motion To File Enlarged Traverse And For Extension Of Time</u>.

There is no page limitation for a traverse. Accordingly, the Court will dismiss Petitioner's motion because it lacks a legal basis. The traverse has been duly filed with the Clerk of the Court and will be considered by this Court when and if the Court reaches a determination on the merits.

While there is no rule of court regarding the time limit for filing a traverse, the Court itself, in its order for Respondent to file an answer, set a briefing schedule that required that any traverse be filed within 30 days of the date of filing of Respondent's answer. (Doc. 38, p. 7). Here, Respondent filed his answer on August 18, 2005 and Petitioner filed his traverse on September 8, 2005. Because Petitioner filed his traverse within the 30 days provided for in the Court's April 25, 2005 order, Petitioner's request for additional time is moot. Accordingly, said motion will be denied as moot.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Petitioner's motion for the Court to serve copies on his legal assistant (Doc. 46), is DENIED;

2. Petitioner's motion to file an enlarged traverse (Doc. 51), is DISMISSED; and,

3. Petitioner's motion for an extension of time to file the traverse (Doc. 52), is DENIED AS MOOT.

IT IS SO ORDERED.

**Dated:   October 4, 2005            /s/ Theresa A. Goldner**
j6eb3d                          UNITED STATES MAGISTRATE JUDGE